IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SIMON,

                Plaintiff,

v.

                                                                                           OPINION and ORDER

DEPARTMENT OF JUSTICE, DOE DEPUTY CLERKS
OF SUPREME COURT OF UNITED STATES,                    23-cv-178-jdp
ELIZABETH B. PRELOGAR, STEVE SCHWALB,
FEDERAL PRISON INDUSTRIES, INC.,

                Defendants.

---

In May 2022, I dismissed on claim- and issue-preclusion grounds plaintiff Charles Simon's lawsuit challenging the amount of a monthly compensation award he received in 1994 under the Inmate Accident Compensation Act for a back injury he sustained while incarcerated at FCI-Oxford and challenging the termination of that award in 2018. *Simon v. Dep't of Just.*, No. 22-cv-261-jdp, 2022 WL 1538722, at *1 (W.D. Wis. May 16, 2022). Simon lost his appeal. *Simon v. United States Dep't of Just.*, No. 22-1996, 2022 WL 4104027, at *1 (7th Cir. Sept. 8, 2022). And the United States Supreme Court denied his petition for certiorari and request for a rehearing. *Simon v. Dep't of Just.*, 143 S. Ct. 536 (2022), *reh'g denied*, 143 S. Ct. 852 (2023).

Now Simon has filed a new lawsuit suing the Department of Justice, the solicitor general, and clerks of the Supreme Court for discriminating against him as a pro se litigant by violating various procedural rules in the Supreme Court, including disregarding one of his filings and failing to file a response brief against him. Although Simon is no longer a prisoner and he has fully prepaid the filing fee for this action, this court has the inherent authority to screen and dismiss the case sua sponte. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08

(1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Simon doesn't explain why this court is the proper venue for such a lawsuit, but in any event I will dismiss it as frivolous. Simon states in part that he wishes to sue defendants under 42 U.S.C. § 1983, but that statute does not apply to federal agencies or employees. Nor is there a plausible claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Egbert v. Boule*, 142 S. Ct. 1793, 1803–04 (2022) (expanding *Bivens* to a new context is now a "disfavored judicial activity": the Supreme Court has concluded that federal courts should not expand *Bivens* actions to reach "new contexts" unless "special factors" counsel otherwise). And more generally, this court is not a venue to appeal rulings of the Supreme Court. If he believes that there have been procedural errors in his proceedings in that court, he should file a motion there.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge